**WHITE v. TENNESSEE VALLEY AUTHORITY.**

No. 630.

District Court, E. D. Tennessee, S. D.

Jan. 18, 1945.

O. W. McKenzie, of Dayton, Tenn., and Whitaker, Hall, Haynes & Allison, of Chattanooga, Tenn., for plaintiff.

Wm. C. Fitts, Jr., and Chas. J. McCarthy, both of Knoxville, Tenn., and Alvin Ziegler, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The defendant has a motion to dismiss the plaintiff's action.

The plaintiff is an employee of the defendant and institutes his action by virtue of the provisions of the United States Employees' Compensation Act. 39 Stat. 742, Act Sept. 7, 1916, as amended, 5 U.S.C.A. § 751 et seq. In so doing the plaintiff claims his right of action arises under section 3 of the Tennessee Valley Authority Act, 1933, 48 Stat. 58, 59, 16 U.S.C.A. § 831b.

The United States Employees' Compensation Act does not contemplate or provide for suits against the government. The Act provides in detail for a prompt adjudication of claims arising thereunder by a specially constituted commission under methods therein set out. Dahn v. Davis, 1922, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696; Thomason v. Works Projects Administration, D.Idaho, 1942, 47 F.Supp. 51, affirmed, 9 Cir., 1943, 138 F.2d 342.

Nor does there appear any provision for a judicial review of the actions of the commission except by the commission itself. 1923, 33 Op.Atty.Gen. 476.

In conferring the benefits of the United States Employees' Compensation Act upon the employees of the defendant, it is evident that the Congress regarded such employees as being substantially employed by the United States. Tennessee Valley Authority v. Kinser, 6 Cir., 1944, 142 F.2d 833; Posey v. Tennessee Valley Authority, 5 Cir., 1937, 93 F.2d 726.

It results that the plaintiff's remedy is not a suit in court, but is by proper proceedings before the United States Employees' Compensation Commission.

Certain it is that the plaintiff could not bring a suit in this court until having first exhausted his administrative remedies. Myers v. Bethlehem Corporation, 1938, 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638; Thomason v. Works Projects Administration, supra.

The motion to dismiss is sustained. It is understood that this action shall in no way prejudice the right of the plaintiff to proceed before the United States Employees' Compensation Commission.

Order accordingly.