## GADSDEN v. UNITED STATES.

No. 48563.

United States Court of Claims.

March 6, 1951.

Writ of Certiorari Denied Oct. 15, 1951.

See 72 S.Ct. 83.

Harold A. Gadsden, pro se.

S. R. Gamer, Washington, D. C., Newell A. Clapp, Acting Asst. Atty. Gen., for the defendant.

WHITAKER, Judge.

This case was previously before us on defendant's demurrer to plaintiff's petition. That petition alleged that plaintiff was discharged from his position with the Veterans' Administration "without cause, wrongfully, illegally, and maliciously." Because of this allegation we overruled defendant's demurrer and referred the case to a Commissioner to take proof on this issue.

In our opinion, 111 Ct.Cl. 487, 78 F.Supp. 126, we reiterated what we had many times said before, that the determination of whether or not an employee's discharge would promote the efficiency of the Government service was vested in the administrative officer, and that no court had power to review his action if that action was taken in good faith. We said, however, that if the action was not taken in good faith, but was motivated by malice toward the employee, then it would follow that the employee had not been discharged for a cause that would promote the efficiency of the service and, therefore, that the employee's

rights under the Act of 1912 would have been violated.

The issue before the Commissioner and now before the court is confined to plaintiff's allegation that he was discharged "without cause, wrongfully, illegally and maliciously."

Plaintiff has wholly failed to sustain this allegation. The people who discharged him were entirely free of malice toward him, but, on the contrary, while recognizing that he was a disturbing influence in his organization and could not be retained there, they endeavored to find some other place for him. When this failed and they were compelled to discharge him, they were motivated alone by a desire to promote the efficiency of the service. It is true that there was enmity between plaintiff and his immediate superior, but his immediate superior did not prefer the charges against him and did not act upon the charges. Those who did prefer the charges and those who acted upon them acted impartially and without bias.

Indeed, as our findings show, plaintiff was accorded much more consideration than was required by the Act of August 24, 1912, 37 Stat. 539, 555; U.S.C.A. Title 5, § 652. The charges were preferred in writing; plaintiff was given adequate opportunity to answer them in writing; and, in addition, he was given an opportunity to appear before the Board appointed to hear the charges, something that the Act of August 24, 1912 does not require. After this Board had made its recommendations, the Manager of the Veterans' Administration Hospital at Tuskegee, Alabama, carefully reviewed the charges, and then, before acting upon them, referred the matter to the Deputy Administrator in charge of the branch office of the Veterans' Administration in Atlanta, Georgia. Not until after the Manager heard from this official did he discharge plaintiff.

Plaintiff took an appeal to the main office of the Veterans' Administration and the Administrator appointed a committee to hear plaintiff's case and to make recommendations to him. Again plaintiff was accorded an opportunity to appear in person and to introduce testimony in his defense, something not required by the Act of 1912. This committee gave the matter careful consideration and recommended to the Administrator that the action of the Manager of the Hospital at Tuskegee be approved. The Administrator approved the recommendation. Several further efforts of plaintiff to get his cause reopened were denied.

The Commissioner of this court in his report, in finding 20, says: "With the exception of the Utility Officer, however, the evidence does not establish that any official of the Veterans' Administration who participated in the action which resulted in plaintiff's separation from the service or in the review of that proceeding was motivated by animosity or ill will toward plaintiff." Plaintiff does not deny the accuracy of this finding. He asks only that this sentence be deleted and that the following be inserted in lieu thereof: "Contrary to the facts as supplied by the record, some official or officials at the Hospital, without authority and in derogation to the established work record, under Civil Service Rules and Regulations, so marked the records of plaintiff VA form covering personnel action as to relegate plaintiff to a 'temporary' employee status, when in fact plaintiff was a 'permanent' employee."

Plaintiff, thus, does not deny the statement in the Commissioner's finding that none of those responsible for plaintiff's separation from the service were motivated by animosity or ill will toward plaintiff, which is the only issue before the court.

Plaintiff has wholly failed to sustain this essential allegation of his petition and it will be dismissed.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.