**ASHLEY et al. v. ROSS, Director of the Mint, et al.**

**No. 10841.**

United States Court of Appeals District of Columbia Circuit.

Argued May 22, 1951.

Decided Aug. 2, 1951.

Claude L. Dawson, Washington, D. C., for appellants.

L. Clark Ewing, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellees.

Before CLARK and PROCTOR, Circuit Judges, and ARTHUR F. LEDERLE, District Judge, sitting by designation.

PER CURIAM.

Appellants (plaintiffs), fifty in number, brought an action in District Court seeking (1) a declaratory judgment that their separation from employment by the United States Mint was in violation of their rights as veterans' preference eligibles, that they were still employees of the United States, and that the Civil Service Commission Regulation under which they were given their notices of release [1] was illegal; (2) an injunction restoring them to their positions. The appellees (defendants) are the Director of the Mint, the Secretary of the Treasury, and the members of the United States Civil Service Commission. The District Court, on defendants' motion, dismissed the complaint, holding that the plaintiffs had not exhausted their administrative remedies, and that their separation from employment was governed by § 12 of the Veterans' Preference Act of 1944,[2] not by § 14 as they contended. This appeal is from that judgment.

---

1. "(b) *Notice period.* The notice shall be given at least thirty days in advance of involuntary termination of active duty wherever possible, at least thirty days in advance of any reduction in rank or compensation, or at least thirty days in advance of involuntary separation from the rolls in all cases. Subject to the fore-going, the notice period may include active duty, leave with pay, and nonpay furlough." 15 Fed.Reg. 49, amending 5 CFR § 20.10(b) (Cum.Supp.1949). Later amendments of the foregoing regulation are inapplicable here.

2. 58 Stat. 387 et seq. (1944), 5 U.S.C.A. § 851 et seq.

The plaintiffs' case rests solely on their argument that the separation notices to them were fatally defective in that the notice period therein was not thirty days with pay, but included only seven days active duty, the remainder to be nonpay furlough time.[3] Section 14, the keystone of plaintiffs' argument, provides that certain preference eligibles shall not be discharged, reduced in rank, etc., "except for such cause as will promote the efficiency of the service and for reasons given in writing," and the persons affected "shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail * * *." However, that section relates to discharges for cause, and the complaint itself alleges that the plaintiffs were "not separated for cause" but "on account of the reduction in the force in the Philadelphia Mint." Such reductions in force fall under § 12 of the Act, and are to be made "in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings." Thus, while Congress did spell out the items which the Commission was obliged to include in the regulations, there was no mention of the thirty days with pay for which the plaintiffs argue. In the absence of a clear expression that such is the case, we cannot, as plaintiffs say we should, ascribe to Congress an intention that in reductions in force large numbers of employees must be retained on the public payroll in a pay status for at least thirty days before they are released, although there may be no work for them to do, no funds from which to pay them, or both.

Although defendants also contend that the plaintiffs did not exhaust their administrative remedy since they failed to appeal to the Civil Service Commission,[4] we need

not decide that question, as the plaintiffs staked their case solely upon the statute, not upon a contention that the regulations were misapplied.

Affirmed.

---

3. The notices given to plaintiffs on March 3, 1950 were for separation effective April 7, 1950. They provided for an active duty status until March 10, 1950, the remaining interval to be "annual leave after your last day of active duty status has passed or, if you do not have sufficient annual leave, leave without pay."

4. "* * * Any employee notified of proposed action by reduction in force who believes that the regulations in this part have not been correctly applied may appeal to the appropriate office of the Civil Service Commission, stating reasons for believing the proposed action to be improper. * * *" 5 CFR § 20.13 (Cum. Supp.1949).