POWELL v. BRANNAN, Secretary of Agriculture et al.

No. 11134.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1952.

Decided May 15, 1952.

Claude L. Dawson, Washington, D. C., for appellant.

Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Edward H. Hickey, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees.

George Morris Fay, U. S. Atty. at the time the record was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellees.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a veterans' preference case, relating to reassignment rights ("bumping rights") of the nature considered in Fass v. Gray, 90 U.S.App.D.C. ——, 197 F.2d 587. Appellant, after being released from the Department of Agriculture in a reduction in force, successfully appealed to the Civil Service Commission. The Department reinstated him, but in a position of lesser salary and responsibility than his former one, which had been abolished. He again appealed to the Civil Service Commission, which held, after investigation, that there was no higher position available for appellant. This suit followed, in which appellant sought a declaration of his rights and an order restoring him to his former job. Thereupon the Commission investigated once more, and again ruled unfavorably to appellant. A hearing was then held in the District Court. The court entered judgment for the defendants (appellees here), concluding that "plaintiff has been accorded all procedural and substantive rights to which he was entitled under the Veterans' Preference Act of 1944, 5 U.S. C.A. § 851 et seq. and Civil Service Commission regulations promulgated pursuant thereto."[1] That conclusion, amply sup-

---

1. The trial court further found, on the evidence adduced, that—"The plaintiff has now been given the benefit of two extensive and exhaustive impartial investigations, and his claim has been denied in two separate decisions by the Civil Service Commission. The Commission and its officers considered all evidence and points submitted by the plaintiff in support of his claim before reaching these

ported in the record, requires affirmance here.

■ We think it well to reiterate that in civil service cases the task of the courts is a limited one. Certainly they cannot undertake to pass on a plaintiff's qualifications for any given post, or to compare them with those of an incumbent. It is not within their province to weigh the merits of a person's claim to a Federal job.[2] Congress has established administrative machinery to make these determinations. Where there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of the administrative determination, a measure of judicial relief may on occasion be obtainable.[3] But no such basis for relief has here been laid.

■ The pertinent provision of Civil Service Regulation 20.9(d), applied by the Commission in this case, required that a veteran of appellant's status be placed in a position "which he could fill without undue interruption to the activity involved. * * *"[4] We think it followed from the Regulation, and the Commission in effect held, that if by reason of the veteran's present lack of qualification he could not fill a particular position without appreciable additional training, he would not be entitled to displace an incumbent who was performing the task satisfactorily. Preference applies only within a competing group, Elder v. Brannan, 341 U.S. 277, 71 S.Ct. 685, 95 L.Ed. 939; Fass v. Gray, supra.[5] We think the Regulation as interpreted properly served to define the group, and was a valid and reasonable exercise of the Commission's power to issue rules and regulations under the Veterans' Preference Act of 1944. See Hilton v. Sullivan, 334 U.S. 323, 334–339, 68 S.Ct. 1020, 92 L.Ed. 1416; Elder v. Brannan, supra.

The judgment of the District Court will accordingly be

Affirmed.

decisions. * * * The Commission investigated all possible positions which plaintiff might have been qualified to fill without undue interruption to the activity involved. The plaintiff was given the full benefit of all available procedures prior to the final determinations denying his claim."

2. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Deviny v. Campbell, 90 U.S.App.D.C. ——, 194 F.2d 876; Campbell v. Deviny, 90 U.S.App.D.C. ——, 194 F.2d 881, affirming, D.C.D.C., 81 F. Supp. 657; Levy v. Woods, 84 U.S.App. D.C. 138, 171 F.2d 145; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186, certiorari denied 308 U.S. 622, 60 S.Ct. 377, 84 L. Ed. 519; Croghan v. United States, 89 F.Supp. 1002, 116 Ct.Cl. 577, certiorari denied 340 U.S. 854, 71 S.Ct. 71, 95 L. Ed. 626; Golding v. United States, 78 Ct.Cl. 682, certiorari denied 292 U.S. 643, 54 S.Ct. 776, 78 L.Ed. 1494.

3. Deak v. Pace, 88 U.S.App.D.C. 50, 185 F.2d 997; Carter v. Forrestal, 85 U.S. App.D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed.

507; Borak v. Biddle, 78 U.S.App.D.C. 374, 141 F.2d 278, certiorari denied 323 U.S. 738, 65 S.Ct. 42, 89 L.Ed. 591; Farley v. United States ex rel. Welch, 67 App.D.C. 382, 92 F.2d 533; Hurley v. Crawley, 60 App.D.C. 245, 50 F.2d 1010; Gadsden v. United States, 100 F.Supp. 455, 119 Ct.Cl. 86; Id., 78 F.Supp. 126, 111 Ct.Cl. 487, certiorari denied 342 U.S. 856, 72 S.Ct. 83. See also Riley v. Titus, 89 U.S.App.D.C. 79, 190 F.2d 653.

4. This was the requirement of Civil Service Regulation 20.9(d) as it stood on May 6, 1947, when appellant was notified of the pending reduction-in-force action, and on June 27, 1947, when his separation from the Department of Agriculture became effective. See 12 Fed.Reg. 2851–52 (May 1, 1947). Compare 12 Fed.Reg. 5647, 6801; 14 Fed.Reg. 5753; 15 Fed. Reg. 49, 4991.

5. In the Fass case, the court considered and disposed of the contention that the Act of August 23, 1912, § 4, 37 Stat. 413, the predecessor of the 1944 provision, served to invalidate the Regulation. No such contention was made by appellant in the present case.