**FASS et al. v. GRAY.**

**CANDELL et al. v. GRAY.**

Nos. 11281, 11282.

United States Court of Appeals District of Columbia Circuit.

Argued April 15, 1952.

Decided May 15, 1952.

Murray Gordon, of the Bar of the Court of Appeals of New York, New York City, *pro hac vice*, by special leave of Court, with whom O. John Rogge, Washington, D. C., was on the brief, for appellants.

Josiah Lyman, Washington, D. C., also entered an appearance for appellants.

Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Edward H. Hickey, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

These appeals concern war veterans and Government employ. The principal question presented involves appellants' rights to reassignment, a reduction in force having occurred in the offices in which they were employed. This question is not whether these veterans should have been retained in the positions which they held; it is whether, their positions having been eliminated, they must be reassigned to other positions now held by other employees. The process of reassignment involves placing the higher preference eligible in a position held by another employee with less retention rights, and then putting that displaced employee in a position held by another employee with still less retention rights, and so on down the line until the last employee is entirely separated from the service. The process is known as "bumping". The Regulations of the Civil Service Commission limit reassignments in two pertinent respects: (1) to positions for which the displaced veteran is "fully qualified" [1] and (2) to positions in the "local commuting area" in which the

veteran has been employed. [2] These features of the Regulations are the ones under attack.

Appellants are honorably discharged veterans and were employed by the Federal Government in the offices of the Veterans Administration in the New York City area. Each of them held permanent Civil Service status, and each received, in March or April, 1950, a reduction in force notice stating that he would be separated from his position within a stated period.

Within that period appellants in No. 11282 were reassigned by the Administrator to positions of lower grade and salary in the Veterans Administration offices in the New York City area. They appealed to the Civil Service Commission, which found that they were "fully qualified" for positions other than those to which they had been reassigned but still of lower grade and salary than those which they had originally occupied. Appellants were then reassigned to the positions for which the Commission found them "fully qualified", and each accepted "under protest".

Appellants in No. 11281 were discharged, and, with the exception of appellant Nelson, each perfected an appeal from that action to the Civil Service Commission. The Commission ultimately found that appellants Fass, Jankowitz and Lerner were "fully qualified" for positions then occupied by employees having lesser retention preference. Appellant Fass was then reassigned to a position in the Veterans Administration at a grade and salary lower than he had received prior to the reduction in force, which position he accepted "under protest". The Administrator found, however, that the positions for which the Commission had found appellants Jankowitz and Lerner "fully qualified" had been filled, in the interim between their separation notices and the determination of their appeals, by veterans having similar retention preferences, and that Jankowitz and Lerner were therefore not entitled to be reassigned to such

1. 15 Fed.Reg. 49 (1950), 5 Code Fed.Regs. § 20.9 (1949 ed.) (1950 Supp.). Since the reduction in force here involved occurred in April, 1950, it is immaterial

that the word "fully" has since been eliminated from the Regulation.

2. *Ibid.*

positions. The Board of Appeals and Review of the Commission then found that Jankowitz and Lerner had been accorded their full rights. Nelson, an appellant in No. 11281, was also discharged by the Administrator but filed his appeal after the expiration of the ten-day period provided by the Civil Service Regulations,[3] and the Commission declined to entertain his appeal. For that reason he contends that he has exhausted his administrative remedy, since he has no further rights in administrative channels. Examination of that contention is not necessary to the decision in these cases.

Appellants in both appeals now before us, together with other persons not now in the cases, instituted civil actions in the United States District Court for the District of Columbia, against the Veterans Administrator, Gray, alleging that they had been separated or reassigned in violation of Section 4 of the Act of August 23, 1912,[4] and Section 12 of the Veterans Preference Act of 1944,[5] and prayed that the action of the Administrator be declared null and void and that he be ordered to restore them to their former or equivalent positions. They also prayed for back pay, less sums earned by them since the dates of their separation or reassignment. Cross-motions for summary judgment were filed in each action. The District Court granted the motions of the Administrator. These appeals followed.

Appellants' principal contention is that Section 20.9 of the Civil Service Commission's "Retention Preference Regulations for Use in Reductions in Force" in effect at the time of these separations and discharges,[6] and particularly subsection (b) thereof, is invalid, being violative of rights conferred upon appellants by Section 12 of the Veterans Preference Act and by Section 4 of the Act of 1912. Section 20.9 of the Regulations read in pertinent part:

"*Actions*—(a)—*In general.* Employees who cannot be retained in their positions because of a reduction in force shall be reassigned to continuing positions, furloughed, or separated. * *

"(b) *Reassignments to continuing positions.* Reassignment is required in lieu of separation or furlough, within the local commuting area, without interruption to pay status whenever possible, to an available position for which the employee is fully qualified, unless a reasonable offer of reassignment is refused. No displacement will be required to permit the reassignment of an employee unless such employee is fully qualified to perform the duties of the position in question."

Specifically, appellants contend that the limitation of reassignment rights to positions for which the veteran is "fully qualified", and to those "within the local commuting area", violates the statutes referred to.

It is conceded by the Administrator that (1) there are positions in the Veterans Administration within the "local commuting area" (in this case the New York-Newark area) for which appellants have the minimum eligibility requirements for appointment but for which they were not "fully qualified", and (2) there are positions in the Veterans Administration outside the "local commuting area" for which appellants are "fully qualified" and which are occupied by employees having lesser retention preferences.

The Act of 1912, as amended,[7] provided in pertinent part:

"In the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary."

---

3. 14 Fed.Reg. 5754 (1949), 5 Code Fed. Regs. § 20.13 (1949 ed.) (1950 Supp.).

4. 37 Stat. 413, as amended, 5 U.S.C.A. § 648 (1927), repealed by Sec. 11(1) of the Act of Sept. 23, 1950, Pub.L. No. 873, 81st Cong., 2d Sess.

5. 58 Stat. 390, as amended, 5 U.S.C.A. § 861.

6. *Supra* note 1.

7. *Supra* note 4.

Section 12 of the 1944 Act provides in pertinent part:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * *Provided further*, That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees * * *."

Appellants say that the 1912 statute must be read literally and that, as so read, it prohibits the separations and demotions here involved. They contend that Section 12 of the 1944 Act was intended to confer additional rights, not to take away rights which veterans enjoyed under existing legislation and practices. This latter proposition rests on Hilton v. Sullivan [8] and is conceded by the Administrator.

The 1912 proviso, read literally, does seem to say that under no circumstances, regardless of the existence of work to be done or appropriations by Congress for salaries, can a veteran whose record is "good" be discharged. Strong reason would be essential to support so strange a conclusion.

Appellants present a series of Executive Orders, Civil Service Rules and Regulations, and Opinions of the Attorney General. There were Executive Orders in 1921, 1923, 1925, 1929 and 1941 and Opinions by Attorney General Stone in 1924 and Attorney General Cummings in 1934. Appellants also discuss Civil Service Regulations in 1939 and 1943. The Executive Order of 1921 [9] merely said that veterans whose ratings are good "shall be given preference in selecting employees for retention." The Order in 1923 [10] paraphrased the statute. The 1925 Order [11] amended the 1921 Order and provided a construction of the 1923 Order, using the term "in preference to all other persons with whom they are respectively in competition." The 1929 Order [12] again paraphrased the statute without explanatory additions. The 1941 Order [13] used the phrase "in competition with him". Thus it appears that the Executive Orders either merely recited the terms of the statute or included the idea of preference as among competing employees. Meantime Attorney General Stone in 1924 used the expression "in preference to other classified employees serving in the same office or department",[14] and Attorney General Cummings ten years later and almost twenty years ago ruled that the retention rights of a veteran employed in a Chicago station of a Government bureau were limited to employees in competition with him at that station. He said he was informed that that view "has been generally accepted and applied". He also commented that to transfer employees from one station to another in order to accomplish a reduction in force in one station would be "highly impracticable".[15]

The Civil Service Commission Regulations as of June 1, 1938, used the term "who are engaged in the same line of work".[16] The 1943 Regulations provided for "organization units" distinct from each other "in work functions or in geographical location" for reduction in force purposes.[17] Later Regulations contain substantially equivalent provisions; except that the 1947 and 1949 Regulations [18] granted to perma-

8. 1948, 334 U.S. 323, 68 S.Ct. 1020, 92 L. Ed. 1416.

9. Exec.Order No. 3567, Vol. 15, U.S.Exec. Orders (Lib. of Cong.).

10. Exec.Order No. 3801, Vol. 16, U.S.Exec. Orders (Lib. of Cong.).

11. Exec.Order No. 4240, Vol. 18, U.S.Exec. Orders (Lib. of Cong.).

12. Exec.Order No. 5068, 5 Code Fed.Regs. § 12.5 (1938).

13. Exec.Order No. 8705, 6 Fed.Reg. 1313, 5 Code Fed.Regs. § 12.5 (Cum.Supp.).

14. 34 Ops.Att'y Gen. 159, 161.

15. 38 Ops.Att'y Gen. 79, 83.

16. 5 Code Fed.Regs. § 12.105 (1938).

17. 8 Fed.Reg. 10921, 5 Code Fed.Regs. § 12.303 (1943 Supp.).

18. 12 Fed.Reg. 2851 (1947), 5 Code Fed. Regs. § 20.9(c) and (d) (1949 ed.); 14 Fed.Reg. 3610 (1949), 14 Fed.Reg. 5753 (1949), 5 Code Fed.Regs. § 20.9(c) (1949 ed.) (1949 Supp.).

nent employees (veterans or non-veterans) rights in some circumstances to reassignment outside the local commuting area, permitting them to replace temporary, probationary or war service employees.

■ It is clear from the foregoing brief description that the administrative rulings cited do not support appellants' contention that the 1912 Act must be construed to confer an unlimited and unconditional retention or preference right in reduction in force cases, immune from any rule-making power of the Civil Service Commission.[19]

Appellants also urge the language of the Supreme Court in Hilton v. Sullivan which characterized the 1912 Act as conferring "an absolute preference" and, later, "an absolute retention preference".[20] But it appears from the whole of the opinion in that case that the Court was dealing with the preference which veterans have over non-veterans, not with an absolute claim by the former to retention under any and all circumstances.

Section 12 of the Veterans Preference Act of 1944 reflects the prior practice by defining the right of retention to extend only as against "competing employees". The legislative history of that Act establishes, as appellants maintain, that it was not intended to reduce any then-existing rights of veterans.[21] Therefore we regard the use of the term "competing employees" in the 1944 Act as confirmatory of our conclusion that no prior right of reassignment outside the competitive group existed, either under the 1912 Act or under the Executive Orders, Civil Service Regulations, or agency practice.

In Elder v. Brannan[22] the Supreme Court held that Section 4 of the 1912 Act was limited by its terms to "permanent" employees in the federal civil service and conferred no rights on "temporary" veterans to displace "permanent" non-veterans.

The Court also held in that case that "competing employees" has been defined by long-established regulations and practice and that "temporary" veterans are not "competing" with "permanent" non-veterans within the meaning of the 1944 Act.

■ The foregoing considerations establish that appellants derived no reassignment rights, under either the 1912 Act or the 1944 Act, which were not limited to a competitive group. The next inquiry is whether the Regulation here applied was a valid and reasonable exercise of the Civil Service Commission's power to issue rules and regulations. There is no point made that the Regulation, if proper, was improperly applied to appellants.

In Powell v. Brannan, 90 U.S.App.D.C. —, 196 F.2d 871, this court holds valid under the 1944 Act a Civil Service Regulation limiting a veteran's reassignment right to positions "which he could fill without undue interruption to the activity involved." That decision disposes of that phase of the present case. The Regulation here involved, requiring that an employee be "fully qualified" for the position, is a reasonable interpretation of "competing" as used in the 1944 Act and in the Executive Orders preceding its enactment. The "minimum eligibility requirements" for a position are fixed as a prerequisite for appointment to a vacancy in that position, and appellants' contention that the requirements mark the boundaries of the "competitive" group, while a possible interpretation of the statute, is not a necessary one.

■ Appellants urge that the geographic limitation on the right of reassignment, to the "local commuting area", is invalid. It is agreed that they were "fully qualified" for positions outside that area. The terms "competing employees" or "employees in competition" have long been interpreted to include the factor of location. In 1934 the

---

19. Broad rule-making powers are given to the Commission by Sections 12 and 19 of the Veterans Preference Act of 1944, 58 Stat. 390, 391, as amended, 5 U.S.C.A. §§ 861, 868.

20. *Supra*, 334 U.S. at page 337, 68 S.Ct. at page 1026, 92 L.Ed. 1416.

21. *Id.*, 334 U.S. at page 337–339, 68 S.Ct. 1020, 92 L.Ed. 1416.

22. 1951, 341 U.S. 277, 71 S.Ct. 685, 95 L.Ed. 939.

Attorney General advised the Secretary of Agriculture that a junior veterinarian employed at Chicago and entitled to military preference was to be considered as in competition only with other employees at the Chicago station, and referred to a general federal practice to that effect.[23] Civil Service Regulations in effect prior to the 1944 Act confined the right of reassignment to "organizational units".[24] The factor of location was also incorporated in the Regulations promulgated under the 1944 Act.[25] It is true, as we have said, that prior Regulations did contemplate reassignment of permanent employees outside of the "local commuting area", but the Regulation was amended to read as it did at the time of the action here complained of, and that it once read otherwise does not compel the conclusion that the version before the court is not valid and reasonable. The "local commuting area" limitation on reassignments appears reasonable in principle. The "bumping" process which it involves would be interminable and insolubly complicated if it were extended nationwide.

We are of opinion that appellants were accorded their full retention rights and that the Regulations under attack were a valid and reasonable interpretation of "competing employees" for the purpose of determining rights of reassignment.

We come now to the separate considerations in the case of appellant Jankowitz. This appellant says that he did not receive the thirty-day notice required by Section 14 of the Veterans' Preference Act of 1944.[26] He cites Lamb v. United States[27] and Stringer v. United States.[28] Jankowitz received notice on April 19, 1950, that he was to be separated at the close of business May 18, 1950. On May 17, 1950, he was notified that the effective date of the proposed action would be extended to May 19, 1950. This court held in Ashley v. Ross[29] that the provision for

thirty days' notice in Section 14 of the Act, has no application to reductions in force. Reductions in force, the court said, are governed by Regulations of the Civil Service Commission under Section 12 of the Act. Appellant makes no point about notice under the Regulations. Hence we have no briefs or argument on that subject and make no ruling in respect to it.

The judgments of the District Court are Affirmed.

---

23. 38 Ops.Att'y Gen. 79 (1934).

24. 8 Fed.Reg. 10921, 5 Code Fed.Regs. § 12.303 (1943 Supp.).

25. 9 Fed.Reg. 13702, 5 Code Fed.Regs. § 12.309(c) (1944 Supp.).

26. 58 Stat. 390, as amended, 5 U.S.C.A. § 863.

27. 1950, 90 F.Supp. 369, 116 Ct.Cl. 325.

28. Ct.Cl.1950, 90 F.Supp. 375.

29. 1951, 89 U.S.App.D.C. 339, 191 F.2d 655.