## RECONSTRUCTION FINANCE CORP.
### v.
### LANGHAM.
### No. 11772.

United States Court of Appeals
Sixth Circuit.
Dec. 8, 1953.

Joseph Kovner, Washington, D. C., Warren E. Burger, Washington, D. C., Dick L. Johnson, U. S. Atty., James M. Swiggart, Asst. U. S. Atty., Nashville, Tenn., on brief; Edward H. Hickey, Washington, D. C., of counsel, for appellant.

Horace Frierson, Columbia, Tenn., K. Harlan Dodson, Jr., Nashville, Tenn., on brief, for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

The United States District Court awarded Samuel B. Langham a judgment for $21,325.82 against the Reconstruction Finance Corporation. This judgment was grounded upon the decision of the court that Langham had been separated from his employment with that governmental agency in violation of section 12 of the Veterans' Preference Act of 1944, Title 5, U.S.C.A. § 851, et seq. The award represented the amount of salary which Langham would have earned as an employee of the Reconstruction Finance Corporation from May 23, 1947, to July 31, 1952, less what he earned from other sources during that period.

On appeal, the Reconstruction Finance Corporation insists that the District Court did not possess jurisdiction of the subject matter for the reason that this is a civil action to recover salary for official services of an employee of the United States within Title 28, U.S.C.A. § 1346(d) (2), which provides: "(d) The district courts shall not have jurisdiction under this section of: (2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States." The contention is made that employees of the Reconstruction Finance Corporation are employees of the United States for the purposes of all federal statutes relating to such employees, unless the particular statute in question expressly exempts them. The following cases are cited: Cherry Cotton Mills v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835; Tennessee Valley Authority v. Kinzer, 6 Cir., 142 F.2d 833; Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726; White v. Tennessee Valley Authority, D.C.E.D.Tenn., 58 F.Supp. 776.

It is further contended by appellant that, under section 1346(a) (2) of Title 28 U.S.C.A., the jurisdiction of the district court in a case wherein the plaintiff seeks money damages in a civil action founded on an Act of Congress is specifically limited to a claim not exceeding $10,000 in amount. Reconstruction Finance Corporation v. McArthur Mining Co., 8 Cir., 184 F.2d 913, 917, 918, certiorari denied 340 U.S. 943, 71 S.Ct. 505, 95 L.Ed. 681.

Appellant argues, moreover, that this action brought by appellee, Langham, in the District Court is barred because he failed to exhaust his administrative remedy of appeal to the Civil Service Commission. See Johnson v. Nelson, 86 U.S. App.D.C. 98, 180 F.2d 386, certiorari denied 339 U.S. 957, 70 S.Ct. 980, 94 L.Ed. 1368; Johnson v. War Assets Administration, 7 Cir., 171 F.2d 556.

Finally, it is urged that, under section 12 of the Veterans' Preference Act, supra, the District Court had no jurisdiction to adjudicate appellee's qualifications for reassignment; and that, even if it did have such jurisdiction, the decision of the Reconstruction Finance Corporation that Langham was not qualified for any available position was not unreasonable. In support of this argument, appellant cites Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507; Fass v. Gray, 91 U.S.App. D.C. 28, 197 F.2d 587, certiorari denied 344 U.S. 839, 73 S.Ct. 39; Angilly v. United States, 2 Cir., 199 F.2d 642.

In our judgment, none of these points made by appellant is well taken. Section 12 of the Veterans' Preference Act reads, in part, as follows: "In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * Provided further, That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference employees whose efficiency ratings are below 'good' shall be retained in preference to com-

peting nonpreference employees who have equal or lower efficiency ratings: * * *."

■ From our examination of the record, the findings of the District Court are supported by substantial evidence and certainly are not clearly erroneous. These findings of fact in substance are: Langham, having served as a soldier in World War One for 21 months and having received an honorable discharge from the Army with a compensable service-connected disability for which he is still drawing compensation, is entitled to a veteran's preference. Under RFC regulations, as promulgated by the Civil Service Commission, he was qualified to be an "examiner." He was sufficiently experienced to serve as an examiner for the Reconstruction Finance Corporation, inasmuch as he had been employed for some sixteen years by the American National Bank of Nashville. During ten years of such employment he had been branch manager of one of its offices, where he had authority to make personal and business loans up to $1,000 without referring them to a committee; and, in addition, he had authority to make other loans without limitation as to amount, upon obtaining all information relative to the loan and receiving approval of the committee. Langham also had been employed for several years as Assistant Cashier of the Commerce Union Bank of Nashville. He was an expert accountant and had all-round qualifications and experience deserving rating as high perhaps as that of all the other examiners with the RFC.

When appellant was first employed by the Reconstruction Finance Corporation, its employees were not under Civil Service, so the Civil Service Commission had no jurisdiction over employees of that agency. At the time of his employment, the efficiency rating of appellee was "very good", that grade being one step below "excellent" and one step above "good." He had "good" rating at the time he was discharged by appellant and was entitled to a veteran's preference.

Examiner John Luck, who possessed practically the same qualifications as an examiner as did Langham, was retained by RFC, after the discharge of appellee, even though Luck did not have a veteran's preference. It is true that while appellee was on "furlough" Luck was discharged from the agency, but within sixty days thereafter he was reemployed by it. Another examiner, John Bell, a veteran but not a disabled one, was retained by the agency at the time appellee was let out.

The District Court found that the Civil Service Commission had no jurisdiction over employees of the Reconstruction Finance Corporation and that, therefore, Langham was not required to appeal to that commission. Nevertheless, he did appeal. But, as found by the district judge, he dismissed his appeal to the Civil Service Commission in consequence of fraud practiced upon him by the manager of the Reconstruction Finance Corporation agency at Nashville.

We consider it unnecessary to decide whether or not Langham was required to appeal to the Civil Service Commission, for upon the evidence of record we are in accord with the finding of the District Court that the dismissal by Langham of his appeal to the commission was directly caused by the fraudulent misrepresentations made to him by the Nashville agency manager of the Reconstruction Finance Corporation. He was told that if he would resign he would retain his "good" rating but that if he waited for a reduction in force he would get only a "fair" rating and could not appeal therefrom. He appealed his subsequent release by RFC; but, while his appeal was pending, the new office manager of the agency at Nashville told him that if he would dismiss his appeal he would get his "good" rating back and thus would obtain a job with the Veterans' Administration. At that time, he actually had a "good" rating, although it was falsely represented to him that his rating was only "fair." When he ascertained that he had been duped, appellee sought to reopen his appeal to the Civil Service

Commission and went—at his own expense—to Washington to see the Board of Review. He was told to remain in Washington for two weeks until the chairman returned because no action would be taken until that event. He had been out of work for so long he could not afford to stay in the capital city; and, sometime after he returned to Nashville, he was notified by the commission that his case would not be reopened for the reason that he had previously voluntarily requested that his appeal be closed.

The authorities cited by appellant do not, in our opinion, support its technical position in this case. In Cherry Cotton Mills v. United States, 327 U.S. 536, 537, 66 S.Ct. 729, 90 L.Ed. 835, employees were not involved. The holding in that case was that, inasmuch as the Reconstruction Finance Corporation is an agency of the government, a debt owed to it can be offset as an allowable counterclaim against one of its debtors in a suit brought by such debtor for a tax refund against the United States.

We find nothing in the opinion of this court in Tennessee Valley Authority v. Kinzer, 6 Cir., 142 F.2d 833, that should afford any comfort to appellant. That case bears no real analogy to the case at bar. This court there upheld the validity of Tennessee Valley Authority regulations setting up a special retirement system for its employees. The court said that the Tennessee Valley Authority, as a governmental instrumentality, is free from a state's regulation or control and is subject to suit only as permitted by the federal statutes creating it.

Likewise, Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726, is easily distinguishable on its particular facts from the case at bar. The holding in that case was that the exclusive remedy of an injured employee of the Tennessee Valley Authority is under the United States Employees' Compensation Act and that state laws, including common law, do not apply, notwithstanding statutory subjection of TVA to suit.

■ We think the authority which sheds clearest light on the case here is Reconstruction Finance Corporation v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. There, Chief Justice Hughes pointed out that although the Reconstruction Finance Corporation is a governmental agency in performing its functions, its transactions are akin to those of private enterprises and the mere fact that it is an agency of the government does not extend to it the immunity of a sovereign. It is empowered by Act of Congress to sue and be sued in any state or federal court of competent jurisdiction. See Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784. Compare Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724. It would seem that the opinion of the Chief Justice makes it clear that the Reconstruction Finance Corporation is no less amenable to judicial process than would be a private corporation in like circumstances. Moreover, the decision of the Supreme Court was that "the unqualified authority to sue and be sued placed" the Reconstruction Finance Corporation "upon an equal footing with private parties as to the usual incidents of suits in relation to the payment of costs and allowances." [312 U.S. 81, 61 S.Ct. 487]

■ We reach the same conclusion as did the District Court that, for the purposes of this action brought by him to recover salary as an employee of the Reconstruction Finance Corporation, appellee, Langham, is not to be deemed an employee of the United States within the meaning of section 1346(d) (2), Title 28, U.S.C.A., and that the District Court therefore possessed jurisdiction to try and to decide the case. As a result of this, and for the reasons which heretofore have been stated, the judgment of the District Court is affirmed.