**42**

Simon J. NASH, individually and on behalf of all eligibles and preference eligibles awaiting appointment to Hearing Examiner positions by certification from official registers established by the Civil Service Commission on the basis of its open competitive examination, conducted under Section 11 of the Administrative Procedure Act, Appellant,

v.

INTERSTATE COMMERCE COMMISSION, and Philip Young, George M. Moore, and Frederick J. Lawton, as Members of the United States Civil Service Commission, Appellees.

No. 12370.

United States Court of Appeals
District of Columbia Circuit.

Argued May 13, 1955.

Decided July 14, 1955.

Petition for Rehearing In Banc Denied
Sept. 1, 1955.

Mr. Simon J. Nash, Buffalo, N. Y., appellant pro se.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., and Miss Catherine B. Kelly, Asst. U. S. Atty., were on the brief for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Prior to the decision of the Supreme Court in Riss & Co., Inc., v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L.Ed. 1345 (April 16, 1951), plaintiff-appellant Nash was employed by the Interstate Commerce Commission as an "Examiner" in Grade GS–9. He held hearings in cases similar to Riss. He was not an examiner appointed pursuant to Section 11 of the Administrative Procedure Act, 5 U.S.C.A. § 1010, although he had, while in his Interstate Commerce Commission position, taken and passed an examination to that end and was listed on a register of eligibles for such appointment in Grades GS–11, GS–12 or GS–13. Under a rule previously established by the Civil Service Commission the minimum grade of a Section 11 hearing examiner was GS–11, a higher-salaried grade than that occupied by Nash.

After the decision in Riss, the Interstate Commerce Commission could no longer utilize—for proceedings of the type there involved—examiners not appointed under Section 11. A regulation of the Civil Service Commission authorized the appointment of incumbent examiners, if they could meet certain required conditions, as Section 11 hearing

examiners.[1] Subject to the approval of the Civil Service Commission, the Interstate Commerce Commission proceeded to appoint under Section 11, and the regulation just mentioned, a number of hearing examiners. It limited its appointments, however, to incumbents already in Grades GS–11 or higher. Plaintiff-appellant asked the Interstate Commerce Commission for an appointment under Section 11 at Grade GS–13, claiming that he met the requirements of the regulations because he had been placed on a hearing examiner register as eligible for appointment in Grades GS–11, GS–12, or GS–13. His request was refused.[2] He appealed to the Civil Service Commission without success. He then brought suit in the District Court on several alternate grounds, seeking as ultimate relief a declaratory judgment which would lead to his appointment as a hearing examiner under Section 11 at Grade GS–13 or GS–15. His suit was dismissed, and he appealed.

In our view, plaintiff-appellant's demand is in essence this: that he be selected for a higher rated post and paid a higher salary. Such a demand is primarily one for consideration and decision by the agencies involved, and not by the courts. Powell v. Brannan, 1952, 91 U.S. App.D.C. 16, 196 F.2d 871; Cf. Ramspeck v. Federal Trial Examiners Conference, 1953, 345 U.S. 128, at page 138, 73 S.Ct. 570, 97 L.Ed. 872. Nothing in the governing statutes and regulations gave plaintiff a vested right to the appointment he seeks. No procedural error was committed. There was no misconstruction of governing law, and no arbitrary or capricious action.

The judgment of the District Court, dismissing the complaint, must be

Affirmed.

1. The regulation authorized the agencies to give noncompetitive appointments to positions which were re-allocated as hearing examiner positions on the basis of legislation, executive order or court decision subsequent to June 11, 1947. 16 Fed.Reg. 3527, 5 C.F.R. § 34.5(b) (3); now 16 Fed.Reg. 9626, 5 C.F.R. § 34.5 (b). See also 16 Fed.Reg. 9623, 5 C.F. R. § 34.3(c).

2. He was advised that he would be appointed to a hearing examiner position when he was reached on the register. In the meantime, he was assigned by the Commission to work not involving the hearing of cases.