George E. ADAMS et al., Appellants,

v.

George M. HUMPHREY, Secretary of the Treasury, et al., Appellees.

No. 12603.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1955.

Decided Nov. 23, 1955.

21. Note 9, supra.

Mr. Claude L. Dawson, Washington, D. C., for appellants.

Mr. Gerard J. O'Brien, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and William F. Becker, Asst. U. S. Attys., were on the brief, for appellees.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellants are veterans who were already employed by the Bureau of Engraving and Printing when they accepted offers of appointment from the Bureau to jobs as apprentice plate printers. These jobs were created by the Bureau in connection with a four-year training program approved by the Veterans Administration for subsistence allowances under the educational and vocational training provisions of the Servicemen's Readjustment Act.[1] After some of the appellants had served two and one-half years and others one and one-half years, the Bureau abolished these apprentice jobs and offered appellants other jobs pursuant to applicable Civil Service and Veterans Preference laws. Appellants thereupon filed this suit in the District Court against officers in charge of the Bureau, for restoration to the apprentice jobs; and against the Administrator of Veterans Affairs, for continuation of their subsistence allowances. The complaint, captioned "Suit for a Mandatory Injunction to Require the Defendants to Perform a Purely Ministerial Duty * * *", was dismissed by the District Court on the ground that no cause of action was stated upon which relief could be granted.

 The complaint was properly dismissed. The creation or abolition of Government jobs, within the scope of the authority given by law to supervisory officials, requires primarily a judgment as to the needs of public business. The determination of those needs plainly involves the exercise of discretion, not the performance of a ministerial duty which can be compelled by mandamus. Since there is no showing here that appellees abused their discretion, or departed from applicable law and procedures in determining that appellants' jobs should be abolished, we cannot disturb their action.[2]

Affirmed.

---

1. 57 Stat. 43 (1943), as amended, 58 Stat. 287 (1944), 38 U.S.C.A. § 701(f).

2. See Work v. United States ex rel. Rives, 1925, 267 U.S. 175, 177, 183, 45 S.Ct. 252, 69 L.Ed. 561. See also Powell v. Brannan, 1952, 91 U.S.App.D.C. 16, 17, 196 F.2d 871, 873. The case against the Veterans Administrator necessarily falls with abolition of the jobs for which subsistence allowances were paid.