LOCAL UNION NO. 89 OF THE NATIONAL FEDERATION OF POST OFFICE CLERKS, affiliated with the A. F. OF L., an Unincorporated Labor Organization, Joseph P. Donahue, Vernon F. Betz, Joseph M. Reaph, and all other persons in a similar position who desire to join in this action

v.

Raymond A. THOMAS, Postmaster of Philadelphia, Donald A. Myers, Regional Director, Post Office Department, Norman E. Abrams, Assistant Postmaster General, and Arthur E. Summerfield, Postmaster General.

Civ. A. No. 19331.

United States District Court
E. D. Pennsylvania.
June 15, 1956.

M. Herbert Syme, Philadelphia, Pa., for plaintiffs.

W. Wilson White, Philadelphia, Pa., for defendants.

GRIM, District Judge.

In November, 1953, the Post Office Department conducted examinations for employees to qualify for promotion to supervisory positions. Subsequently, the employees with the highest passing scores were placed in a register designated as "A" register and those with the next highest scores were placed in a register designated "B" register. At the time of the publication of the registers the Assistant Postmaster General issued instructions to postmasters as to the use of the register in making promotions to supervisory positions. Among other things these instructions provided:

"Before a selection is made from a register, the postmaster shall make a careful analysis of each employee whose name appears in Group 'A', since the tests alone cannot indicate all the factors that must be considered in selecting the best qualified employee. These other factors include ability to work in harmony with others, length of service, work record, attitude toward the service, general fitness and reputation. Where the eligibles are considered relatively equal on the several factors, the senior eligible shall be recommended to fill the vacancy. The postmaster is, of course, responsible for exercising personal judgment solely on the basis of merit of the candidate proposed and will be responsible for such recommendation as is finally made. The Group 'B' register ordinarily shall not be used until all employees whose names appear in Group 'A' have received consideration. Exceptions to this provision for use of the registers may be made only with the specific approval of the Bureau of Post Office Operations."

As a result of the examinations the names of the three individual plaintiffs in

the present case were placed in the "A" register. Thereafter, however, one Oscar Glickman, whose name appeared only on the "B" register list was recommended by the postmaster for promotion and thereupon promoted to a supervisory position although the individual plaintiffs were not promoted. This action was approved by a Regional Operations Manager, to whom authority for approval had been delegated in place of the Bureau of Post Office Operations. It is not clear from the record what characteristics of "A" register eligibles were found inferior to those of Glickman. Claiming that they have been damaged by the promotion from the "B" rather than the "A" register, plaintiffs are asking for an order directing the defendants to cancel and terminate the promotion of Oscar Glickman and to award the promotion instead to an eligible person from the "A" register list. The contention of the plaintiffs is that the postmaster violated his instructions in promoting Mr. Glickman out·of the "B" list rather than some one from the "A" list.

Defendants have filed a motion to dismiss the complaint.

In Nash v. Interstate Commerce Commission, 1955, 96 U.S.App.D.C. 203, 225 F.2d 42, 43, the court affirmed the dismissal of a complaint, seeking the promotion of a federal employee to a higher position and made a comment in its opinion which is pertinent here:

"In our view, plaintiff-appellant's demand is in essence this: that he be selected for a higher rated post and paid a higher salary. Such a demand is primarily one for consideration and decision by the agencies involved, and not by the courts. * * · * ᵢ Nothing in the governing statutes and regulations gave plaintiff a vested right to the appointment he seeks. No procedural error was committed. There was no misconstruction of governing law, and no arbitrary or capricious action."

The instructions to the postmaster gave him wide discretion in his decision as to who should be promoted. He was told that "the tests alone cannot indicate all the factors that must be considered in selecting the best qualified employee." He was to consider ability to work in harmony with others, attitude toward the service, and general fitness, all matters of subjective, personal judgment. Apparently he gave little consideration to the difference between the "A" and "B" registers, but relied heavily on the latitude granted him in the instructions. Even though his decision may have been based partly on reasons personal to himself, he was not acting contrary to law or to the somewhat vague instructions.

The authorities cited by plaintiffs, 39 U.S.C.A. § 861; Jeffries v. Olesen, D.C. S.D.Cal.1954, 121 F.Supp. 463, do not bear out their contention that these instructions or any law or regulation confer on plaintiffs any "legal rights of promotion." There is no averment or indication that the postmaster acted dishonestly or even that plaintiffs were better qualified in every particular than the man who received the promotion. Under the circumstances, the motion to dismiss the complaint will be granted. As consented to by plaintiffs, service of process is quashed as to the Postmaster General and Assistant Postmaster General on the ground that personal service was not made upon them.