Turner T. **BARNES** et al.,
v.
The **UNITED STATES.**
Clarence N. **AMBLER** et al.,
v.
The **UNITED STATES.**
Nos. 236–55, 278–55.

United States Court of Claims.
April 3, 1957.

Claude L. Dawson, Washington, D. C., for plaintiffs.

318

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiffs, civil service employees of the Bureau of Engraving and Printing, sue to recover damages for breach of alleged contracts of employment. The breach urged in each case is the arbitrary and capricious termination of an alleged contract for four years of apprenticeship training prior to the expiration of such four-year term.

Defendant moves for summary judgment dismissing the petitions on the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law because the petitions fail to state claims upon which relief can be granted.

On July 16, 1948, the Bureau of Engraving and Printing posted on its bulletin board Bulletin No. 746 announcing that in the near future there would be conducted an examination for "promotion" of Bureau civil service employees with veterans' status to the position of apprentice plate printer. The announcement stated that employees who met certain qualifications set forth therein would be eligible to participate in the examination, and that the names of employees receiving an eligible rating in the examination would be placed on a register for consideration as apprentice plate printers when selections were later made. Thereafter, plaintiffs, among others, filed applications to take the examination. Job descriptions were issued pursuant to Treasury Department regulations, and specified, among other things, that successful completion of a period of four years' training was necessary before an apprentice might qualify as a journeyman plate printer. At various times in 1951 and 1952, plaintiffs, having qualified through the examination, received appointments as apprentice plate printers and entered upon the training program. In accordance with a Civil Service regulation, all appointments to the program were made from the ranks of the Bureau and were confined to veterans. The Bureau had submitted the apprenticeship program to the Veterans' Administration for approval so that enrollees eligible for veterans' subsistence benefits would receive such benefits in addition to their salaries as apprentices. In order to avoid delays inherent in following demotion procedures, plaintiffs voluntarily requested in writing that they be reduced in grade and pay from their then positions to that of apprentice.

At the time the Bureau initiated the plate printing apprenticeship program, the Bureau had not been able to obtain from Congress an appropriation sufficient to cover the purchase and installation of late model automatic machinery which would have enabled the Bureau to operate with fewer plate printers than it would have otherwise required. When in 1953, the Bureau obtained from Congress sufficient funds to purchase and install new labor saving machinery, it became apparent that the Bureau could make a substantial reduction in its staff of plate printers. Accordingly, the Bureau discontinued the plate printer apprenticeship program in July 1953. From the petitions it appears that none of the plaintiffs were separated from employment with the Bureau although they were no longer employed as plate printer apprentices. Apparently the transfers from the apprentice positions to other positions in the Bureau did not involve any reductions in pay.

In September 1953, plaintiffs herein brought suit in the District Court for the District of Columbia for a mandatory injunction to require the Secretary of the Treasury and the Director and Associate Director of the Bureau to reinstate the apprenticeship program and to restore plaintiffs to their positions in that program on the theory that under applicable law officials of the Bureau were without authority to terminate the

program or discontinue the training of any or all of plaintiffs. The District Court dismissed the complaint for want of jurisdiction. On November 23, 1955, the Court of Appeals for the District of Columbia affirmed the dismissal of the complaint stating, *inter alia:*

"The complaint was properly dismissed. The creation or abolition of Government jobs, within the scope of the authority given by law to supervisory officials, requires primarily a judgment as to the needs of public business. The determination of those needs plainly involves the exercise of discretion, not the performance of a ministerial duty which can be compelled by mandamus. Since there is no showing here that appellees abused their discretion, or departed from applicable law and procedures in determining that appellants' jobs should be abolished, we cannot disturb their action. Adams v. Humphrey, 98 U.S. App.D.C. 40, 232 F.2d 40, 41.

In their suit in this court plaintiffs take the position that there existed between plaintiffs and the Bureau of Engraving and Printing a binding contract under which the Bureau obligated itself to train plaintiffs for four years or as long as plaintiffs complied with the requirements of the job descriptions and the program, which, plaintiffs allege, they did and were, at all times following the termination of the program, ready willing and able to do. Plaintiffs contend that the termination by the Bureau of the program in 1953 constituted a breach of the contract. The measure of damages sought by plaintiffs is the loss of salary suffered by plaintiffs when they accepted demotions from their former positions to the positions of apprentices, the loss of grade increases which plaintiffs would have received had they remained on their former jobs, and the loss of plaintiffs' rights to training under the Servicemen's Readjustment Act, 57 Stat. 43 (1943), as amended, 58 Stat. 287 (1944), 38 U.S.C.A. § 701(f).

We are of the opinion that no contractual relationship existed between these plaintiffs and the Bureau with respect to the apprentice training program. Neither the job descriptions covering the training of apprentice plate printers, nor the announcement bulletins relative to the program of apprentice training, amounted to an offer to contract. All that the Bureau did was offer Bureau employees with veterans' status an opportunity to qualify, by Civil Service examination, for selection to participate in an apprentice training program. The four-year training requirement contained in the job description was not a promise by the Bureau that it would provide training for four years to those selected, but was rather a statement that anyone who entered the program would have to complete all of its requirements, including four years of training, in order to qualify as journeymen plate printers.

The signing by plaintiffs of a waiver of the higher grades and salaries applicable to them prior to their appointments as apprentices, was a voluntary act on the part of plaintiffs to dispense with the time-consuming reduction-in-grade procedures which would otherwise have been necessary under applicable law and regulations. The approval of the apprentice training program by the Veterans' Administration was not conditioned on an undertaking by the Bureau that it would furnish four years of training, but rather on the Bureau's representation that the training offered would, if completed, be adequate to qualify the eligible veteran for appointment to the job for which he was to be trained.

Plaintiffs contend that the Bureau was authorized by law to enter into the sort of contracts herein alleged. We are unaware of any statutory authority for such a contention and no such statute has been called to our attention. Plaintiffs' contention that congressional awareness of the Bureau's need for plate printers amounted to a congressional grant to the Bureau of authority to make

the contracts herein alleged strikes us as not only novel but frivolous.

We are of the opinion that the nature of plaintiffs' employment as apprentice plate printers was that of any other civil service employee serving in a position for which he has qualified and to which he has been properly appointed. The employee is free to leave such a position at any time and the Government-employer is free to dispense with his services at any time provided the procedural requirements relative to his removal are complied with.

Inasmuch as we hold that no contracts of employment arose in this case, there can have been no breach. On the basis of the pleadings, and the affidavits and exhibits, we hold that there is no genuine issue as to any material fact and that the petitions fail to state a claim upon which relief may be granted.

Defendant's motion for summary judgment is granted and the petitions are dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.