Jacob **COMINSKY**

v.

**J. E. RICE, Captain, U.S.N., Individually and as Commander of the Philadelphia Naval Shipyard,**

**J. T. Reed, Captain, U.S.N., Individually and as Chief Production Officer of the Philadelphia Naval Shipyard,**

**Charles Proud, Civilian Employee of the Federal Government, Individually and as Chief Civilian Industrial Relations Officer, Philadelphia Naval Shipyard,**

**Edward Mancusco, Civilian Employee of the Federal Government, Individually and as Head of Employment Division of the Philadelphia Naval Shipyard,**

**Thomas O. Maginnis, Civilian Employee of the Federal Government Individually and as Master Shipfitter of Number 11 and 26 Shops, Philadelphia Naval Shipyard,**

**John Devlin, Civilian Employee of the Federal Government, Individually and as Chief Quarterman Welder of Number 26 Shop, Philadelphia Naval Shipyard,**

**Howard G. Mayer, Civilian Employee of the Federal Government, Individually and as Foreman of Number 26 Shop, Philadelphia Naval Shipyard, and**

**Cyrus M. Suter, Civilian Employee of the Federal Government, Individually and as Chief Quarterman Welder of Number 26 Shop, Philadelphia Naval Shipyard.**

Civ. A. No. 33877.

United States District Court
E. D. Pennsylvania.

July 9, 1964.

Peter A. Galante, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendants.

HIGGINBOTHAM, District Judge.

This is an action for declaratory judgment and mandatory injunction by plaintiff, Jacob Cominsky, an employee of the Philadelphia Naval Shipyard, who claims that he was improperly passed over for promotion to the position of Leadingman Welder at the Naval Shipyard. Plaintiff has exhausted the applicable grievance procedures and has appealed unsuccessfully to the Civil Service Commission. The government does not question that the case is properly before this Court, and the plaintiff concedes that there has been no departure from the applicable procedures during the administrative adjudication of his claim.

The scope of review in this civil service case is quite narrow.[1] In Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F. 2d 871, 873 (D.C.Cir.1952), it was stated that:

"[W]e think it well to reiterate that in civil service cases the task of the courts is a limited one. Certainly they cannot undertake to pass on a plaintiff's qualifications for any given post, or to *compare them* with those of an incumbent. It is not within their province to weigh the merits of a person's claim to a Federal job. * * * Where there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of

---

1. Both sides agree that the "substantial evidence" test of the Administrative Procedure Act is not applicable.

the administrative determination, a measure of judicial relief may on occasion be obtainable." [2] (Emphasis supplied.)

In the instant case there has been no "departure from applicable procedures, * * * misconstruction of governing legislation, or like error going to the heart of the administrative determination," and hence the government's motion for summary judgment must be granted.

Plaintiff contends, however, that the scope of review should be whether the administrative decision was "capricious, malicious, arbitrary or in bad faith," and not merely whether the applicable procedures have been followed. Assuming *arguendo* that this standard applies, I find no basis for overturning the administrative decision.

During the extensive grievance hearings, plaintiff's potential as a supervisor, his attitude toward the job and supervision, and his knowledge of the trade were considered. Although plaintiff's job performance ratings were considered to be in the minimum satisfactory range, there was testimony that by comparison the men selected over him had greater potential as supervisors. There was tes-timony that plaintiff had less trade knowledge than some of the other candidates, that plaintiff did not have as much interest in the job, was not as cooperative as other workmen, and did only enough work to get by. There was also testimony that the selection was not based upon prejudice or personal feelings against plaintiff. Against this evidence, counsel for plaintiff points to the fact that plaintiff was certified eligible for promotion, and that prior to the consideration of plaintiff's case, the records indicate that since 1948 no certified eligible was passed over for promotion to Leadingman Welder except where there was a declination.

The mere fact that plaintiff was the first individual to be passed over does not overcome the presumption that the officials acted in good faith.[3] In the present posture of the record, I cannot say that the failure to promote was capricious, malicious, arbitrary or in bad faith. Furthermore, it is not within my province to weigh and compare the qualifications of plaintiff to those of the other men selected. This is a management decision and is not for the courts. Accordingly, the government's motion for summary judgment must be granted.

2. See also, Eustace v. Day, 114 U.S.App. D.C. 242, 314 F.2d 247 (D.C.Cir.1962); Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F.2d 722 (D.C.Cir.1960), cert. denied, 364 U.S. 883, 81 S.Ct. 172, 5 L. Ed.2d 104 (1960).

3. See Continental Bank & Trust Co. v. Brandon, 297 F.2d 928 (5th Cir. 1962); United States ex rel. Harris v. Ragen, 177 F. 303 (7th Cir. 1949).