**Waddy T. DUNCAN, Plaintiff,**

v.

**Raymond BLATTENBERGER, Public Printer, Government Printing Office, Defendant.**

**Civ. No. 2984–54.**

United States District Court
District of Columbia.

May 28, 1956.

---

514

B. Austin Newton, Jr., and Wesley E. McDonald, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., for the District of Columbia, and Catherine B. Kelly, Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This action has been submitted for. final decision on a stipulated set of facts accompanied by a series of exhibits.

The action is brought by an employee of the Government Printing Office against the Public Printer, who is the head of that Government agency, to review the action of the agency in transferring the plaintiff from the night shift to the day shift and in assigning him from the function of a copy preparer to the function of a proofreader. The plaintiff claims that these transfers were illegal and in violation of the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq., in that they deprive the plaintiff of the additional night differential pay for night work, thereby diminishing his total compensation, and also in that the transfer from the work of a copy preparer to that of a proofreader was a demotion; and that the provisions of the Veterans' Preference Act were ignored in making these transfers.

The first question to be determined is whether the Veterans' Preference Act, the pertinent sections of which are 5 U.S.C.A. §§ 861 and 863, are ap-

plicable to the employees of the Government Printing Office. Section 869 of Title 5 of the United States Code Annotated, which is the last section of this Chapter of the Code that constitutes the Veterans' Preference Act, provides as follows:

"Nothing contained in this chapter is intended to apply to any position in or under the legislative or judicial branch of the Government".

The Government Printing Office is an agency of the legislative branch and not of the executive branch of the Government. It is urged, however, in behalf of the plaintiff that the exception found in Section 869 as to the legislative branch relates only to those employees who are part of the staff of the Congress and are engaged in legislative work, presumably secretaries and clerks of various members of Congress, secretaries and clerks of various committees and members of the staff of Congress, generally. The Court is of the opinion that there is no basis for such a limitation, especially in view of the fact that the statute expressly provides that nothing contained in that chapter is intended to apply to any position in or under the legislative branch. Surely, employees of the Government Printing Office are under the legislative branch even if they are not in it. The Court is of the opinion, therefore, that the Veterans' Preference Act does not apply to the employees of the Public Printer.

Even if, however, the statute were to be otherwise construed and were deemed applicable to the Government Printing Office, the Court is of the opinion that, on the merits, the plaintiff is not entitled to recover.

The Veterans' Preference Act contains two vital sections. Section 861 of Title 5 relates to reduction in personnel and requires that competing employees shall be released in accordance with the Civil Service Commission regulations, which shall give due effect to tenure of employment, military preference, length of service and civil service ratings. Section 863 provides that no person entitled to veterans' preference shall be discharged, suspended for more than 30 days, furloughed without pay, or reduced in rank or compensation, except for cause and for reasons given in writing, the employee being entitled to receive 30 days' notice.

■ The Court is of the opinion that Section 863 governs only cases of removal or demotion of an employee for cause and does not apply to a reduction in force for reasons of efficiency or economy. As was pointed out in Ashley v. Ross, 89 U.S.App.D.C. 339, 191 F.2d 655, 656:

"We [the Court] cannot, * * * ascribe to Congress an intention that in reductions in force large numbers of employees must be retained on the public payroll in a pay status for at least thirty days before they are released, although there may be no work for them to do, no funds from which to pay them, or both."

Only recently, the Court of Appeals, in Flanagan v. Young, D.C.Cir., 228 F.2d 466 has indicated that Section 863 relates to discharges for misconduct or other cause, although that point was not involved in the decision.

■ Therefore, the plaintiff is relegated to Section 861, if he is entitled to any rights at all under the Veterans' Preference Act. Section 861 relates to reduction in personnel. Concededly, however, it includes demotions, because demotions may be, in effect, reductions in personnel in certain instances. The question then would be whether, by being transferred from the night shift to the day shift and by being assigned from work as a copy preparer to work as a proofreader, the plaintiff was the object of an action that amounted to reduction in personnel.

■ It is argued that the transfer from the night shift to the day shift, which resulted in the reduction of the total compensation that the plaintiff had been receiving, although not in a reduction in his base pay, amounted to a de-

motion. The question is a doubtful one, but it is not necessary to decide it because, in this case, the plaintiff had been definitely appointed to serve under conditions that made him subject to assignment to either day or night work. His original appointment of July 3, 1947, contained the following provision:

"This appointment is subject to either day or night work."

As to his second contention, the Court has grave doubt whether a detail from work as a copy preparer to work as a proofreader is to be deemed a demotion. Concededly, it involved no change in grade and no reduction in base pay. The mere fact that, administratively, an assignment as copy preparer is regarded as a promotion is not determinative in view of the fact that there is no difference in grade or compensation. Irrespective of this circumstance, however, the appointment of the plaintiff was that of a proofreader. The personnel action, dated August 24, 1947, states that his position is that of probational proofreader. The personnel action of August 4, 1953, states that his position title is proofreader. The same is true of the personnel actions of January 5, 1954, February 9, 1954, and February 10, 1956.

In view of these circumstances, the conclusion follows that no rights of the plaintiff have been violated. It must be observed, also, that the uncontradicted testimony shows that it was necessary to maintain a larger night shift during the periods of the year when the Congress was in session than at other times and that when the Congress adjourned, it was customary to transfer some men from the night shift to the day shift, as otherwise there would not have been enough for them to do at night. Presumably, this may be due to the exigencies involved in printing the Congressional Record, which is issued every morning and contains the proceedings of the preceding day, as well as printing bills and committee reports.

It would be obviously contrary to the best interests of the Government for this Court to interfere with the routine administrative actions of the Public Printer in transferring his employees from the night to the day shift under the circumstances just related.

The Court will render a judgment for the defendant.

You may submit findings of fact and conclusions of law.