**Leslie L. BARGER, Appellant**

v.

**L. Quincy MUMFORD, Librarian of Congress, Appellee.**

**No. 14653.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 20, 1959.

Decided March 26, 1959.

Mr. Joseph A. Fanelli, Washington, D. C., for appellant.

Mr. Benjamin C. Flannagan, Atty., Dept. of Justice, with whom Messrs. Kevin T. Maroney, Atty., Dept. of Justice, and W. Lawrence Keitt, Gen. Counsel, Library of Congress, were on the brief, for appellee. Mr. Anthony F. Cafferky, Atty., Dept. of Justice, also entered an appearance for appellee.

Before Mr. Justice BURTON, retired,* and WASHINGTON and BASTIAN, Circuit Judges.

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

Mr. Justice BURTON.

This case presents the question whether a war veteran who had rendered 20 months of satisfactory service in temporary or probational positions in the Library of Congress was lawfully separated from such employment by a summary notice from the Librarian of Congress. For the reasons hereafter stated, we hold that such separation was lawful.

The appellant, Leslie L. Barger, a veteran of World War II, was employed by the Library of Congress from February 3, 1954, to November 11, 1955. From February 3, 1954, to September 27, 1954, he was an editorial assistant and filer under a temporary appointment. From September 27, 1954, to November 11, 1955, he was in the Technical Information Division of the Library under a probational appointment. His performance of his duties was satisfactory.

On February 25, 1954, he filed an application for federal employment on Standard Form 57. He named 12 places of former employment, including one as a House Officer at the Taft Hotel in New York City for three months in 1945. He stated that he never had been discharged or forced to resign from any position for misconduct or unsatisfactory service. However, the file of the Taft Hotel shows that he had been discharged from its employ "for what amounted to misconduct." He admits the foregoing but denies that the Taft Hotel action was known to him when he filed Form 57. Upon the Librarian's discovery of the Taft Hotel incident a member of his staff, on December 21, 1954, interviewed appellant about it.

On October 11, 1955, appellant received a written notice from the appellee, L. Quincy Mumford, as the Librarian of Congress, directing appellant's "separation (disqualification)" from employment at the Library, effective November 11. The notice stated: "This action is based upon your withholding information from the Standard Form 57, Application for Federal Employment, and making a false statement therein." The notice also said: "You are not entitled to appeal from this action."

Appellant does not deny his withholding of information as charged by the Librarian. He seeks to excuse it as inadvertent, inconsequential, and done without intent to mislead.

In January 1956, appellant sought to clear his record through the Civil Service Commission. That Commission replied that it could not consider his claim because he had not acquired eligibility for reinstatement. Appellant asked the Librarian of Congress to specify more fully his reasons for discharging appellant. When the Librarian declined to do so, appellant appealed to the Civil Service Commission for the procedural protection specified under § 14 of the Veterans' Preference Act.[1] That appeal was rejected by the Civil Service Commission's

1. "Sec. 14. No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department, hereinbefore referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days' advance written notice (except where there is reasonable cause to believe the employee to be guilty of a crime for which a sentence of imprisonment can be imposed), stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: *Provided*, That such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be

Appeals Examining Officer and by the Commission's Board of Appeals and Review. Appellant also sought, unsuccessfully, assistance from several members of Congress and from veterans' organizations. Finally, on March 6, 1957, he filed, in the United States District Court for the District of Columbia, the complaint in the instant case, demanding that his separation from employment be declared void, that he be reinstated in his former position, and that he be awarded back pay from November 11, 1955.

There being little controversy as to the material facts, each party sought summary judgment. The District Court, after a hearing, denied appellant's motion, granted that of the Librarian, and dismissed Barger's complaint. From that order, he has taken this appeal.

He makes two principal claims. If either is upheld, he is entitled to reversal of the judgment of the District Court.

I. Appellant claims that, as a war veteran, he is entitled to the protective procedures prescribed by § 14 of the Veterans' Preference Act of 1944, as amended. Note 1, supra. The Librarian concedes that such procedures have not been followed, and places his reliance primarily upon § 20 of the Act, 58 Stat. 391, 5 U.S.C. § 869, 5 U.S.C.A. § 869, which provides that "Nothing contained in this Act is intended to apply to any position in or under the legislative or judicial branch of the Government * * *."

The Librarian contends that such exemption applies to all employees of the Library, including appellant. Although we have found no court decision expressly deciding that the Library of Congress is "in or under" the legislative branch of the Government, we do find that status officially recognized in several ways. Statements of the Comptroller of the Treasury, the Comptroller General and the Attorney General indicate that, as its name implies, the Library of Congress has long been treated as being in or under the jurisdiction of the legislative branch of the Government.[2] Several Acts of Congress reflect similar recognition of the status of the Library.[3] The

issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of same to the appellant or to his designated representative, and it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends: *Provided further*, That the Civil Service Commission may declare any such preference eligible who may have been dismissed or furloughed without pay to be eligible for the provisions of section 15 hereof." 58 Stat. 390–391, as amended, 61 Stat. 723, 5 U.S.C. § 863, 5 U.S.C.A. § 863.

While the Librarian notes that the above procedure applies only to employees who have "completed a probationary or trial period," he does not place primary reliance on the fact that Barger had not completed his probationary service at the time of his separation from his employment.

2. The Librarian of Congress— "is an officer of Congress, the legislative branch of the Government (secs. 80–100, Rev.Stat.), and not an officer in the service of the executive

branch. * * * the assistant librarians and other persons selected by the Librarian are not appointed by the head of a Department, but are employees of Congress or of an officer of Congress, and their status is analogous to that of persons employed by other officers of Congress." 4 Comp.Dec. 125, 128 (1897.)

See also 14 Comp.Dec. 674, 675, 676 (1908); 21 Comp.Dec. 66, 67 (1914); 21 Comp.Gen. 987, 988 (1942); 25 Comp. Gen. 688, 689 (1946); "the Library of Congress is an agency under the legislative rather than the executive branch of the Government," 34 Comp.Gen. 485, 486 (1955); 26 Op.Atty.Gen. 447, 448 (1907).

3. E. g., the Library of Congress is mentioned separately rather than treated as an establishment or agency of the executive branch. See Classification Act of 1949, c. 782, 63 Stat. 954, 5 U.S.C. § 1081, 5 U.S.C.A. § 1081; Performance Rating Act of 1950, c. 1123, 64 Stat. 1098, 5 U.S.C. § 2001, 5 U.S.C.A. § 2001; and Government Employees' Incentive Awards Act of 1954, c. 1208, 68 Stat. 1113, 5 U.S.C. (Supp. V) § 2122, 5 U.S.C.A. § 2122.

language of § 20 is so clear that we need not resort to the legislative history of the Veterans' Preference Act.[4] The United States District Court for the District of Columbia has reached a similar conclusion in holding that § 20 exempts employees of the Government Printing Office from § 14 of the Act because such employees are "under the 'legislative branch'" of the Government. Duncan v. Blattenberger, D.C.1956, 141 F.Supp. 513.

Appellant argues that even if the Library of Congress and its employees generally are exempt from the Veterans' Preference Act, appellant's particular position is not exempt. This argument is based on appellant's claim that his employment was in the Technical Information Division and that such division derived all or most of its operating funds from the Armed Services Technical Information Agency which, in turn, was a division of the Department of Defense.

On this point we adopt the language of the Civil Service Board of Appeals and Review in its letter to appellant dated November 29, 1956:

"If, as stated in your letter, the division in which you were employed receives its funds from the Department of the Air Force, this would not serve to bring your case within the purview of Section 14. The position to which a person is officially appointed and the agency by whom a person is officially employed are controlling, and the transfer of funds between agencies does not affect a person's official employment status in such cases."

II. Appellant contends also that he was entitled to the special remedial procedures established by the Library of Congress to administer its security program.[5] This contention is based on his claim that he was in fact separated from his position for reasons of national security, although the Librarian made no reference to that reason in the notice of separation, and now expressly states that he did not discharge appellant on any ground of national security. Appellant does not charge bad faith on the part of the Librarian but insists that the Librarian believed appellant to be a security risk, and that therefore we should treat appellant's discharge as though it were ordered for that reason. The Librarian had a wide discretion in choosing the ground upon which he should base his order separating appellant from his probational position. Without reaching the question whether the Librarian could have lawfully discharged appellant from his probational position without stating any reason, we have here a termination of employment made in good faith for a rational reason within the employer's discretion.

We have considered the other contentions made by appellant but find in them no force sufficient to invalidate appellant's discharge.

We conclude, therefore, that the separation of appellant from a probational position not in or under the executive branch of the Government was validly directed by the Librarian. Accordingly, the judgment of the District Court is

Affirmed.

---

4. The legislative history confirms the limitation of the Act to positions in or under the executive branch of the Government. E. g., "The amendment [which now expressly exempts from the Act positions in or under the legislative or judicial branches of the Government] suggested by the committee to this section would make clear the act is intended to apply only to positions in or un-

der the executive branch of the Government." Senate Committee on Civil Service, S.Rep. No. 907, 78th Cong., 2d Sess. 4.

5. See Executive Order No. 10450, 5 U.S. C.A. § 631 note, April 27, 1953, 18 Fed. Reg. 2489, and Library of Congress General Orders No. 1531, June 17, 1953, and No. 1538, October 7, 1953.