David S. SCHWARTZ, Plaintiff,

v.

FEDERAL POWER COMMISSION et al., Defendants.

Civ. A. No. 75–2143.

United States District Court, District of Columbia.

July 13, 1976.

Alan B. Morrison, Washington, D. C., for plaintiff.

Allan Abbot Tuttle, Sol., F. P. C., John R. Dugan, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Plaintiff in this action is a former employee of the Federal Power Commission (FPC) who resigned his position after his request for a year's leave without pay was denied. He now challenges the legality of the Commission's denial of his request for leave and the procedures utilized in the processing of his grievance. Plaintiff seeks a declaratory judgment that the denial of his request for leave was unlawful and that the procedures utilized for his grievance were fatally defective. In addition, he asks that he be reinstated to his former position as Assistant Chief of the Office of Economics, a position which has since been filled by the Commission. The case is currently before the Court on cross motions for summary judgment.

The Government contends that this Court lacks jurisdiction to review either of plaintiff's claims under the Administrative Procedure Act because both the denial of the request for leave and the grievance proceeding which arose therefrom are "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The Court is not persuaded that the defendants'

approach to the question concerning what the Court views as the scope of judicial inquiry into agency personnel matters is the most precise and proper one. Therefore, the Government's motion to dismiss this action on the grounds that subject matter jurisdiction is lacking must be denied for the reasons set forth below.

It is well recognized in this Circuit that the Administrative Procedure Act, 5 U.S.C. §§ 701–706, is an independent source of jurisdiction providing the Courts with authority to review any final agency action for which there is no other judicial remedy.[1] However, it is also clear that Courts have traditionally recognized that certain types of administrative personnel determinations are questions of supervisory discretion within an agency and are not subject to judicial review.[2] In addition, in a recent case the Court specifically reached plaintiff's claim concerning the due process accorded him during the grievance proceeding and held that the Court lacked "authority" to review internal grievance matters arising from a Federal employee's lack of promotion.[3]

At first blush it is difficult to reconcile those cases which recognize subject matter jurisdiction in the majority of cases challenging agency actions grounded on the APA with those which hold that personnel determinations of the Federal Government are not subject to judicial review. It is apparent, however, upon close reading of the cases in which the Courts have shied away from interfering with agency personnel matters that the question turns not on subject matter jurisdiction, but on the appropriate scope of judicial review. The judicial reluctance to interfere with agency personnel matters rests not on the statutory provisions of the APA which limits judicial review in those cases involving "agency action committed to discretion of law" as argued by defendant, but rather is based upon

1. *Pickus v. Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107, 1109 (1974).

2. *Gnotta v. United States*, 415 F.2d 1271 (8th Cir. 1969); *Powell v. Brannan*, 91 U.S.App.D.C. 16, 196 F.2d 871, 873 (1952).

3. *Waters v. U. S. Commission on Civil Rights*, No. 73–1421 (Findings of Fact and Order, May 28, 1974), aff'd without opinion, 527 F.2d 1387 (D.C.Cir., 1976); cf. *Leefer v. Administrator, NASA*, 543 F.2d 209 (D.C.Cir., 1976).

*good common sense.* As stated by now Justice Blackmun in *Gnotta, supra* :

> Surely, promotion or non-promotion of employees within a department is a matter of supervisory discretion and not ordinarily subject to judicial review. It has been said that courts cannot undertake to pass on a plaintiff's qualifications for any given post or to compare them with those of an incumbent. . . . A claim that the plaintiff's supervisor entertained a dislike for him has not sufficed for judicial review. And Professor Davis asks, "Do we want courts inquiring into personnel management—salary increases, sick leave, office hours, allocation of parking spaces in the basement of the agency's building?" The integrity of these authorities and the soundness of the principles they espouse, would ordinarily incline a court to avoid interfering with administrative personnel decisions and to take a dim view of Gnotta's claims here. Indeed, his is not even a discharge case. He complains not of agency action but mainly of agency inaction. And he demands a specified employment status. (Citations omitted).

Therefore, since it appears that in this instance subject matter jurisdiction is to be distinguished from scope of judicial review, the Government's motion to dismiss this case on the grounds that the claims arise from matters which are committed to agency discretion is not on good ground and must be denied.

This is not to say, however, that the defendants' argument is totally unpersuasive. Regardless of whether the considerations expressed in 5 U.S.C. § 701(a)(2) which exempts from Section 7 of the Administrative Procedure Act those matters "committed to agency discretion by law" is a matter *of jurisdiction or scope of review,* the Court is convinced that the reasons behind judicial reluctance to interfere with agency personnel matters are sound ones. Support for the limited role of the Court in such matters is found in the recent case of *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), in which Justice Stevens stated:

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies . . . In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular . . . at 349, 96 S.Ct. at 2080.

Therefore, directed by these cases which have recognized the limited scope of judicial review of these matters, the Court undertakes a review of plaintiff's claim with great restraint.

The undisputed facts are rather simple. In March 1975, Plaintiff and others obtained a grant from the National Science Foundation to undertake a one year study of "Competition and Regulatory Reform in the Energy Utilities." The project was to begin on May 12, 1975. Plaintiff, who at the time was employed as Assistant Chief, Office of Economics, Federal Power Commission, made formal application for one year's leave without pay pursuant to applicable FPC regulations. Plaintiff's supervisor recommended against granting the leave of absence on the basis of the heavy workload in the Office of Economics and the importance of Mr. Schwartz's presence in the office at that time. Thereafter, the Director of the Office of Personnel Programs formally denied plaintiff's request. Plaintiff then filed an informal grievance complaint concerning this denial, but since the administrative process was not completed by early May, the time at which the project was to commence, Mr. Schwartz resigned his position at the FPC "under protest." The formal grievance proceeding which followed plaintiff's resignation was conducted without benefit of hearing despite plaintiff's frequent requests, and ultimately culminated in a decision upholding the agency's denial of Mr. Schwartz's request for one year's leave without pay. Plaintiff thereafter filed this action.

As stated earlier, plaintiff challenges both the denial of his request for leave and the procedural aspects of the grievance proceeding in his case. As to the first claim, plaintiff contends that he was wrongfully denied his request for one year's leave without pay and that such denial was arbitrary and capricious and not in accordance with law within the meaning of the APA, 5 U.S.C. § 706(2)(A) because:

a) he was never given an opportunity to seek out a replacement;

b) he was not afforded a meaningful opportunity to reply to his supervisor's determination to not recommend approval of the leave request because the reasons stated were "incomplete";

c) the determination was not supported by substantial evidence; and

d) the "real reason" behind the denial of his request was that the FPC personnel in charge wanted to "get rid of him" because he had testified before Congress expressing views of which they did not approve.

■ It is undisputed on the record that the agency is granted complete discretion in the area of administrative leave without pay. The Federal Personnel Manual Supplement 990–2, S 12–2(a) provides: "Administration Discretion. Authorizing leave without pay is a matter of administrative discretion. An employee cannot demand that he be granted leave without pay as a matter of right . . . ."[4] Based upon the case law cited earlier and this provision, the Court is convinced that the first three grounds upon which plaintiff bases his relief fit into that category of matters which this Court should not review more closely because they are internal agency personnel matters. However, the fourth point raised by plaintiff constitutes a constitutional claim of sufficient dimension warranting a closer judicial scrutiny of the evidentiary support for the determination. It is clear that although an agency has discretion to make personnel determinations for any number of reasons, there are some reasons upon which the Government cannot rely. In other words, despite this broad grant of discretion in granting or denying administrative leave, the Government cannot deny such a benefit to a Federal employee on a basis which infringes his constitutionally protected interests, especially his interest in freedom of speech.[5]

■ The appropriate allocation of the burden of proof in these matters involving alleged reprisals for exercise of constitutionally protected free speech activity is not clear in this Circuit. *Tygrett, supra.* However, in this case, unlike *Tygrett,* it is undisputed on the record currently before the Court that the reasons behind the denial of plaintiff's request for a one year's leave were anything but proper. Indeed, the Presiding Examiner at the formal grievance proceeding, expressly found that there was no evidence that the denial of plaintiff's leave request was based upon policy differences with the agency or his supervisor.[6] Despite the clear directive of Rule 56(a) of the Federal Rules of Civil Procedure, plaintiff has failed to establish that there is a genuine issue for trial regarding plaintiff's allegation that he was denied his requested leave because he publicly expressed views contrary to those held by his supervisor. Therefore based upon the undisputed facts regarding the denial of the leave request the Court concludes that the Defendants' Motion for Summary Judgment on the merits of the denial be granted.

Plaintiff's second claim arises from alleged procedural irregularities in the grievance proceeding. In his complaint, plaintiff claims that the grievance procedure utilized in his case denied him due process because he was not permitted access to relevant information and his grievance was processed without a hearing and without the benefit of an interview of the Chairman of

---

4. Govt. Ex. 1, Tr. 41.

5. See, Bishop, supra; *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Tygrett v. Washington,* (D.C.Cir., Oct. 23, 1974), Supp.Op. on Petition for Rehearing (April 8, 1976), 543 F.2d 840.

6. Govt. Ex. 1, Tr. 200.

the FPC. In addition, in his cross motion for summary judgment, plaintiff relies upon the subsequently discovered facts made known to him through discovery that during the course of the grievance procedure, the hearing examiner interviewed the relevant FPC employees without knowledge of plaintiff or his counsel.

It is obvious at the outset that the due process clause is not applicable here since plaintiff was not denied any "entitlement" when he was denied a request for leave. Administrative leave without pay is a benefit the dispensation of which is solely a matter of agency discretion. The Courts have recognized that these grievance matters are not to be reviewed by the judiciary. *Waters, supra.* But in addition, the FPC regulation governing grievance matters specifically grants the examiner discretion to evaluate the issues and to determine how best they are to be resolved.[7] The Court finds nothing improper or unconstitutional in the handling of plaintiff's grievance in this case. Therefore the Court concludes that the Government is entitled to summary judgment on the procedural claims also.

Based on the foregoing, it is this 13th day of July, 1976,

ORDERED that Plaintiff's Motion for Summary Judgment be and hereby is DENIED; and it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment be and hereby is GRANTED; and it is

FURTHER ORDERED that the instant action be and hereby is DISMISSED.

---

7. Section 7(c) of the FPC Administrative Manual provides:

C. *Inquiry*

(1) The examiner conducts an inquiry of a nature and scope appropriate to the issues involved in the grievance and to the geographical location of the parties. Before he begins the inquiry, the examiner eliminates from consideration any matters not covered by this Instruction . . . *At the examiner's discretion, the inquiry may consist of the securing of documentary evidence, personal interviews, a group meeting, a hearing, or any combination thereof.* Govt. Ex. 1, Tr. 25–26. (Emphasis added)