David S. SCHWARTZ, Appellant,

v.

FEDERAL ENERGY REGULATORY COMMISSION,* et al.

No. 77–1279.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 28, 1978.

Decided May 9, 1978.

---

* The functions of the Federal Power Commission were transferred to the Federal Energy Regulatory Commission by § 402 of Public Law 95–91, 91 Stat. 565.

Alan B. Morrison, Washington, D. C., with whom William B. Schultz, Washington, D. C., was on brief, for appellant.

Carol E. Bruce, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, and John R. Dugan, Asst. U. S. Attys., Washington, D. C., were on brief, for appellees.

Before McGOWAN, TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant Schwartz is a former employee of the Federal Power Commission (FPC) who protests the Commission's denial of his request that he be given a year's leave without pay in order that he might work on an outside research project. He decided to resign his position and work on the project. Subsequently, he filed this action challenging the legality of the FPC's refusal to grant him a leave and the procedures for processing his grievance. The District Court granted summary judgment for the FPC. We affirm.

Dr. Schwartz was a career economist holding the position of Assistant Chief, Office of Economics, with major responsibilities for research related to the natural gas and electric power industries. In 1974, he approached his superior, Dr. Haskell Wald, with a proposal that he take a one year leave of absence without pay to work on an academic project on competition and regulatory reform in the energy utilities. Although Dr. Wald was not receptive to the proposed leave, Schwartz nevertheless pursued a National Science Foundation grant and made preparations to obtain a one year academic appointment.

In April, 1975, Dr. Schwartz formally requested leave, contending that his research project qualified under civil service regulations as the type of case for which approval of extended leave without pay would be proper.[1] Dr. Wald, referring to other provisions in the civil service regulations,[2] recom-

---

1. The Civil Service Commission Federal Personnel Manual Supplement 990–2, S12–2b(5) (May 19, 1969) (emphasis added) provided in part:

    (5) *Examples of proper cases for extended leave without pay.* The following list includes examples of types of cases for which approval of extended leave without pay would be proper, *all other factors being favorable*:

    (a) For educational purposes, when the course of study or research is in line with a type of work which is being performed by the agency and completion of which would contribute to its best interests.

    (b) For service with a non-Federal public or private enterprise, when the job is of tempo-rary character and there is reasonable expectation that the employee will return, and when one or both of the following will result:

    (i) The service to be performed will contribute to the public welfare;

    (ii) The experience to be gained by the employee will serve the interests of the employing agency.

2. Id. at S12–2b(3). Section (3) provides in pertinent part:

    (3) *Matters to be considered in acting on leave-without-pay requests.* Each request for leave without pay should be examined closely to assure that the value to the Government and the serious needs of the employee are sufficient to offset the costs

mended the request be denied. In Dr. Wald's judgment any gains resulting from the leave would be outweighed by the disadvantages to the agency from Schwartz' absence during a period when regulatory policies were undergoing major changes. Dr. Wald also believed that it would be difficult to find a suitable replacement on a temporary basis for Dr. Schwartz, and that even if such a replacement were found the office would be seriously handicapped while he or she was being trained. Dr. Wald's recommendation was upheld by the Office of Personnel Programs.

Dr. Schwartz filed a grievance with the FPC, but before it could be resolved he resigned "under protest" to begin his project. The FPC grievance was then suspended while Schwartz appealed to the Federal Employee Appeals Authority of the U.S. Civil Service Commission, which has appellate jurisdiction over adverse agency personnel actions.[3] The FEAA concluded that Dr. Schwartz's resignation was not involuntary and tantamount to removal by the agency, as Schwartz contended; it was a voluntary decision responding to a situation created by his initiative in going forward with his project despite Dr. Wald's discouragement.

After the FEAA decision Schwartz pursued his grievance with the FPC, maintaining that the applicable civil service regulations supported approval of his request, and that the refusal was arbitrary and capricious and was improperly motivated by the agency's desire to get rid of Schwartz because of policy differences.

A Hearing Examiner was appointed by the FPC to handle the grievance.[4] He con-

cluded on the basis of a grievance record compiled from correspondence, interviews with and statements from FPC officials, and other background material that the FPC had not acted arbitrarily nor abused its discretion in denying Schwartz' request and that policy differences did not motivate the denial. Despite Schwartz' allegations of error, the Examiner's findings and recommendations were adopted, in turn, by the Executive Director and the Chairman of the FPC.

Schwartz challenges the District Court's decision that there was "nothing improper or unconstitutional in the handling of plaintiff's grievance."[5] Schwartz's challenge is directed principally at the Examiner's refusal to hold an evidentiary hearing and to require the FPC to produce information with respect to its prior agency-wide practices as to leaves without pay. Schwartz takes issue with other aspects of the grievance proceedings, but only one of them—the examiner's interaction with FPC officials—warrants discussion here.[6]

■ At the outset, we find the guarantees of due process not applicable to Dr. Schwartz's grievance proceedings. Dr. Schwartz had no entitlement or legitimate expectation to a leave without pay and the ability to return to his job after a year's absence. Consequently he possessed no property interest protected by the Fifth Amendment. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Agency regulations clearly state that the decision to grant such a leave is a matter

and administrative inconveniences to the Government which result from the retention of an employee in a leave-without-pay status.

**3.** 5 C.F.R. Part 772 (1977).

**4.** Federal Power Commission Administrative Manual, Instruction No. 4x61.1 (May 14, 1975) sets forth the agency grievance system the FPC established in accordance with Part 771 of the Civil Service Regulations, 5 C.F.R. Part 771 (1975). We cite to the regulations in force during appellant's grievance.

**5.** *Schwartz v. Federal Power Commission*, 423 F.Supp. 19 at 23 (D.D.C.1976).

**6.** Thus, we find no merit in such contentions as the claim that the presence of counsel during the examiner's interview with an FPC official turned the interview into a hearing from which appellant should not have been excluded. Brief for Appellant at 27.

for agency discretion.[7] The agency is charged to examine requests for leave "closely to assure that the value to the government and the serious needs of the employee are sufficient to offset the costs and administrative inconveniences to the government. . . ."[8]

The only legitimate expectation Schwartz could have was in the agency's reasonable exercise of its discretion. In this regard we have been instructed that

> [t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs.

*Bishop v. Wood*, 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976) (footnote omitted).

■ We turn then to appellant's claim that the FPC failed to accord him the procedural rights established by FPC regulations. As this court noted in *Mazaleski v. Treusdell*, 183 U.S.App.D.C. 182, 200, 562 F.2d 701, 719 (1977),

> Where, as here, a government employee has no procedural due process rights apart from those which the agency has chosen to create by its own regulations, scrupulous compliance with those regulations is required to avoid any injustice. *See Vitarelli v. Seaton*, 359 U.S. 535, 539–40 [79 S.Ct. 968, 3 L.Ed.2d 1012] . . . (1959). *See also Morton v. Ruiz*, 415 U.S. 199, 235, [94 S.Ct. 1055, 39 L.Ed.2d 270 . . . (1974).

The FPC Administration Manual, Instruction No. 4x61, 7(c) (May 14, 1975) grants the hearing examiner discretion regarding the manner in which a formal grievance inquiry will be conducted. Section 7(c) provides:

> (c) *Inquiry*
>
> (1) The examiner conducts an inquiry of a nature and scope appropriate to the issues involved in the grievance and to the geographical location of the parties. Before he begins the inquiry, the examiner eliminates from consideration any matters not covered by this Instruction . . . At the examiner's discretion, the inquiry may consist of the securing of documentary evidence, personal interviews, a group meeting, a hearing, or any combination thereof.

The purpose of the inquiry, as understood by the hearing examiner and uncontroverted by appellant, was not to establish whether all the assumptions and conclusions made by the agency in denying Schwartz' request were factually accurate.[9] The purpose was the more limited one of determining whether the decision to deny the leave request was the result of a judgment honestly made by a person with the responsibility to make those judgments.

■ Judicial review of the examiner's determination of the appropriate procedure must be a narrow one. It is not our task to substitute our judgment for that of the examiner's. *Leefer v. Administrator, NASA*, 177 U.S.App.D.C. 62, 66, 543 F.2d 209, 213 (1976); *Gueory v. Hampton*, 167 U.S.App.D.C. 1, 4, 510 F.2d 1222, 1225 (1974). We need only determine whether the FPC abused its discretion and acted arbitrarily in conducting the grievance procedure as it did. Within this framework, we address appellant's specific contentions:

---

**7.** The Civil Service Commission Federal Personnel Manual Supplement 990–2, S12–2a (May 19, 1969) provides that, with the exception of certain cases not pertinent here:

> Authorizing leave without pay is a matter of administrative discretion. An employee cannot demand that he be granted leave without pay as a matter of right. . . .

**8.** Id. at S12–2b(3).

**9.** Grievance, *David S. Schwartz v. Federal Power Commission*, (Oct. 28, 1975) in Gov't Exh. 1, 186 at 204–205. The examiner also pointed out, that "the subject under consideration here is not an adverse action type case where any and all reasons; specificity and detail; promotion of the efficiency of the service; and all the other detailed requirements of an adverse action are required." *id.* at 202.

■ 1) Schwartz argues that the hearing examiner abused his discretion in refusing to conduct an evidentiary hearing despite Schwartz' repeated requests when there were sharp disputes of fact. But those purported disputes were either over matters not critical to the examiner's task, or based on conclusory allegations by Schwartz. The most important was the contest over his allegation that the denial of his request was motivated by differences of views as to policy matters. Schwartz proffered no evidence to support this claim. Evidence was available from which the examiner could reasonably conclude that policy differences did not play any role in the agency's decision. As the District Court concluded, Dr. Schwartz "failed to establish that there is a genuine issue for trial regarding [his] allegations that he was denied his requested leave because he publicly expressed views contrary to those held by his supervisor." *Schwartz v. Federal Power Commission*, 423 F.Supp. 19 at 22. (D.D.C., 1976).

The hearing examiner compiled an extensive grievance record from correspondence, statements, interviews and other material such as Schwartz's official personnel file. On the basis of this record he could reasonably determine whether a hearing was required. Schwartz believes that he would have benefited from a hearing. But his belief is not sufficient to demonstrate abuse of discretion on the part of those who believed differently.

■ 2) Schwartz argues that the hearing examiner improperly refused his request for the production of documents showing prior practices with regard to leaves of absence in other FPC offices and bureaus. The examiner concluded that such prior practice would not be material to a determination of whether a reasonable and honest judgment was made as to the costs and benefits to the Office of Economics if Schwartz were granted a leave. His conclusion was not unreasonable. Bare relevance is not enough to establish materiality, especially when considerations of remoteness, complexity and delay are inevitably involved.

■ 3) Schwartz claims the examiner had no authority to conduct, or alternatively abused his discretion in conducting, interviews with FPC officials, drafting statements on the basis of notes taken during the interviews and allowing the interviewees to review and edit these statements and submit them to the grievance record. The examiner was authorized to undertake any combination of procedures he deemed appropriate to gather material, including interviews and securing documentary evidence. This aspect of the inquiry is not entirely free from difficulty. It could have been conducted in a manner less likely to provoke speculation as to its fairness. Nevertheless, we cannot say that it exceeded the examiner's authority or constituted an abuse of discretion.

Appellant challenges the grievance procedure as a whole as a "meaningless charade." Brief for Appellant at 32. We disagree. The denial of a request for a year's leave of absence is not to be assimilated, in terms of procedure, to a case of a dismissal, or denial of a benefit for which there was an established expectation or entitlement. In context, the procedure that was followed cannot be condemned as legally impermissible.

*Affirmed.*